IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES LACY-THOMPSON,<br>Plaintiff<br><br>v.<br><br>JERRY C. MARTINEZ, WARDEN,<br>LSCI ALLENWOOD,<br><br>Defendants | CIVIL ACTION NO. 3:09-CV-1320<br><br>(Judge Nealon)<br><br>(Magistrate Judge Blewitt) |

## REPORT AND RECOMMENDATION

### I. Background.

On July 10, 2009, Petitioner, Charles Lacy-Thompson, an inmate at Low Security Correctional Institution Allenwood ("LSCI-Allenwood"), White Deer, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner paid the filing fee. (Doc. 3). Named as Respondent was Jerry C. Martinez, the Warden at LSCI-Allenwood. (Doc. 1).

Petitioner's habeas petition was served and Respondent filed his Response with attached exhibits on August 17, 2009. (Doc. 9 and Exs. 1-8). Petitioner filed a Traverse on August 31, 2009. (Doc. 10). Petitioner also filed an Addendum and Declaration on September 24, 2009. (Doc. 11).

Petitioner Lacy-Thompson's habeas petition is now ripe for disposition.

As discussed below, in consideration of the record, as well as Respondent's Response and Petitioner's Traverse and Declaration, we agree with Respondent that the Petitioner has failed to exhaust his administrative remedies and we recommend that his petition be dismissed.

### II. Allegations of Petition

In his petition for habeas relief, Petitioner Lacy-Thompson challenges the policy of the BOP which requires approval from the Regional Director before an inmate is placed in an RRC for a period greater than 6 months. (Doc. 9, exhibit #1, attachment #1). Petitioner Lacy-

Thompson claims this policy is not in accordance with the Second Chance Act ("SCA").[1] (Doc. 1 at 2; Doc. 10).

The Petitioner's expected release date is November 30, 2010, via good conduct time release. (Doc. 9, exhibit #1). On March 31, 2009, the Unit Team reviewed the Petitioner's entire case, institutional conduct, and community resources and proposed he be placed in a Residential Re-Entry Center ("RRC") for 150-180 days. (Doc. 9, exhibit #1 at 3). On April 24, 2009, the Petitioner was approved for a 180-day RRC placement. The Petitioner's recommendation and approval was "based on his current offense, noting that he has a short sentence; available resources within the release district, noting that he has secured residency with his wife and has strong family and community support; financial planning, noting that he is not in destitution; employment options/academic history, noting that he has a college degree and extensive experience as a business owner; and his health, noting that he is in good health. (Doc. 9, exhibit #1, attachment #3). This request was submitted in accordance with the court's decision in *Woodhall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005), the SCA and the criteria set forth in Program Statement 7310.04 . (Doc. 9, exhibit #1 at 3). The acting Warden approved and signed the referral request. (Doc. 9, exhibit #1, attachment #1).

Petitioner Lacy-Thompson now argues in his habeas petition that, under the SCA, he is entitled to twelve (12) months of pre-release placement in an RRC. (Docs. 1, 10, 11). He claims that because the Respondent only considered for a six (6) month consideration, they have violated the SCA. (Docs. 1, 10).

The Respondent argues that the Petitioner's petition should be dismissed for failure to exhaust his administrative remedies and also because the six (6) month placement was made

---

[1]The Second Chance Act of 2007 ("SCA"), codified at 18 U.S.C. §§ 3621, 3624 was signed into law on April 9, 2008. The Act increases the duration of pre-release replacement in an RRC from six (6) to twelve (12) months and requires the BOP to make an individualized determination that ensures the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c). See *Malvestuto v. Martinez*, Slip Copy, 2009 WL 2876883, *1 (M.D. Pa. 2009).

in accordance with the SCA and BOP policy. (Doc. 9).

## III. Discussion

We agree with the Respondent that Petitioner Lacy-Thompson has failed to exhausted his administrative remedies and we recommend that his petition be dismissed without prejudice.

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam). If a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice." Moscato, 98 F.3d at 761 (citing Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986)).

Here, Petitioner Lacy-Thompson admittedly has not exhausted his administrative remedies. (Doc. 1 at 3, Doc. 10, Doc. 11). Instead, he argues that he "would further be prejudiced due to a time constraint if [he] were to exhausted his administrative remedies." (Doc. 1 at 3, Doc. 10). He claims that the "remedy process is so time consuming that the filing of complete administrative remedy process would further prejudice Petitioner as it takes approximately seven to eight months to complete." (Doc. 10). Furthermore, the Petitioner has recently admitted that is he has initiated the administrative remedy process and is currently awaiting a response to his appeal to the Regional Director of the BOP. (Docs. 10, 11).

The Petitioner in Malvestuto v. Martinez, Slip Copy, 2009 WL 2876883 (M.D. Pa September 1, 2009), presented an argument similar to Petitioner Lacy-Thompson's argument in the instant matter. In Malvestuto, the Petitioner sought an order to compel the Respondent to reconsider his release for pre-release custody into an RRC for the last twelve

(12) months of his sentence. *Id.* The Petitioner admitted that he failed to exhaust his administrative remedies but argued that if he were required to do so, he would be prejudiced due to a time constraint. *Id.* The Court disagreed and dismissed the petition, stressing that exhaustion of administrative remedies was required, stating:

> The habeas statute upon which petitioner relies to challenge the timing of his pre-release placement, 28 U.S.C. 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (quoting 28 U.S.C. §§ 2241(a) (and (c)(3)). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir.2005).
>
> Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir.1981) (per curiam)); e.g., *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir.2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir.1996) (citations omitted).

*Malvestuto*, 2009 WL 2876883 at *2.

The Court then outlined the procedure utilized by federal inmates which was established by the Bureau of Prisons ("BOP") and set forth at 28 C.F.R. §§ 542.10-542.19, stating:

> Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. *See* § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. *See id.* An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.15. A BOP decision is not final-and thus not reviewable-until relief has been denied by the General Counsel's Office. *Id.*

-4-

*Malvestuto*, 2009 WL 2876883 at *2.

In the instant matter, Petitioner Lacy-Thompson is currently awaiting a decision on his appeal from the Regional Office of the BOP. (Doc. 11). Should the Regional Office of the BOP deny his appeal, he will have thirty (30) days to file an appeal with the General Counsel's Office. 28 C.F.R. § 542.15. An appeal to the General Counsel is the final administrative appeal. *Id*. Thus, the Petitioner has not yet exhausted his administrative remedies and we recommend that his petition be dismissed without prejudice.

Petitioner Lacy-Thompson argues that should he be required to fully exhaust his administrative remedies before seeking habeas relief, he would be prejudiced due to time constraints. Like the Petitioner in *Malvestuto*, Petitioner Lacy-Thompson cites the case of *Strong v. Schultz*, 599 F.Supp.2d 556, in support of this argument. (Doc. 1 at 2-3; Doc. 10 at 1-2). In *Strong*, the Court directed the BOP to reconsider the Petitioner for RCC placement for longer than 6 months, excusing the Petitioner from having to pursue a second round of exhaustion after he "already pursued all three levels of the Administrative Remedy Program ...", *Id*. at 561. We agree with Respondent that the Court's decision in *Strong* differs from the instant matter because here, the Petitioner has not completed the BOP administrative process.

Similarly, the Petitioner in *Malvestuto* cited *Strong* in support of his argument but the court distinguished that case, stating "any reliance on *Strong* in this instance is misplaced because unlike *Malvestuto*, the petitioner in Strong fully exhausted available BOP administrative remedies prior to filing a petition in federal court." The Court also noted that the petitioner in *Strong* utilized the BOP's administrative remedy process, effectively increasing his pre-release placement time from sixty (60) days to six (6) months but that he filed a petition seeking a twelve (12) month placement instead because he had been diagnosed with HIV/AIDS and needed to obtain medical care and substance abuse treatment. Here, the Petitioner's guidance on *Strong* is similarly misplaced, as petitioner did

-5-

not exhaust his administrative remedies.

The Petitioner also claims that an April 14, 2008 memorandum issued by the BOP requiring staff to obtain approval before placing an inmate into RRC placement for longer than six (6) months directly conflicts with the SCA. (Doc. 1 at 2; Doc. 10 at 2). The *Malvestuto* Court addressed the BOP memoranda challenged by Petitioner Lacy-Thompson, stating in a footnote:

> It is also worth noting that on April 14, 2008, five days after enactment of the Second Chance Act, the BOP issued a memorandum which provided that in the event that staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager. This memorandum was in place when Strong's pre-release placement was considered. On October 21, 2008, the BOP adopted a new regulation entitled "Time-frames", which authorizes BOP staff to designate inmates to an RRC for the final 12 months of the sentence without obtaining permission from the Regional Director. See **28 C.F.R. § 570.21(a)** (Oct. 21, 2008) ("Inmates may be designated to community confinement as a condition of prerelease custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months"). This regulation was in effect when Malvestuto's pre-release placement was evaluated by his unit team.

*Malvestuto*, 2009 WL 2876883 at *n.2.

Thus, we agree with the Respondents that the April 14, 2008 BOP memorandum does not violate the SCA's amendment to § 3624(c). See also *Lynch v. Yost*, Slip Opinion, No. 3:08-CV-38, 17-18 (W.D. Pa. April 17, 2009)(Rep. & Recom.)(adopted by No. 3:08-CV-238 at 2 (W.D. Pa. May 21, 2009)) (stating that the April 14, 2008 BOP memorandum does not violate the SCA and that it is "within the Bureau's authority to make policies like the one at issue here as long as it does not impermissibly limit its discretion under the relevant statutes, which the challenged policy does not.").

The *Malvestuto* Court then stressed the importance of utilizing the administrative process and dismissed the habeas petition, stating, "Exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before the twelve (12) month pre-release mark, which is simply a statutory maximum and not a mandate."

Similarly, we find that Petitioner Lacy-Thompson has failed to exhausted his administrative remedies and we recommend that his petition for habeas relief be dismissed without prejudice.[2]

**IV.     Recommendation**

Based upon the foregoing, it is respectfully recommended that Petitioner Lacy-Thompson's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed without prejudice.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:** ~~September~~  2009
         Oct 2,

---

[2]Because we find that the Petitioner has failed to exhaust his administrative remedies, we will not address the merits of the Respondent's second argument that the BOP complied wtih the requirements of the SCA and with BOP in reference to the Petitioner's referral for RRC placement. (Doc. 9 at 9).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES LACY-THOMPSON,<br>Plaintiff<br><br>v.<br><br>JERRY C. MARTINEZ, WARDEN,<br>LSCI ALLENWOOD,<br><br>Defendants | CIVIL ACTION NO. 3:09-CV-1320<br><br>(Judge Nealon)<br><br>(Magistrate Judge Blewitt) |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated ~~September~~ Oct 2, 2009.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
United States Magistrate Judge

Dated: ~~September~~ Oct 2, 2009